# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**PLENNEY P. BARKDULL,**
**#166596**                                                                                              **PLAINTIFF**

V.                            CASE NO. 3:20-cv-124 LPR-BD

**DOE**                                                                                                     **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Plaintiff Plenney P. Barkdull may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Barkdull does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.    Discussion**

Plaintiff Plenney P. Barkdull, a pretrial detainee in the Poinsett County Detention Center, filed this civil rights lawsuit without the help of a lawyer. (Doc. Nos. 2) In his complaint, Mr. Barkdull alleges that "Mrs. Wonda," the Detention Center cook, prepared soup beans for the evening meal on April 15. Unfortunately, Mrs. Wonda failed to discover a rock that had made its way into the pot of beans. Mr. Barkdull unwittingly bit down on the rock as he took his third bite of beans and broke a tooth. (Doc. No. 2). For

purposes of reviewing the complaint, the Court will assume Mr. Barkdull's allegations are true.

The Court sympathizes with Mr. Barkdull's situation and has no reason to doubt that the broken tooth has caused pain. Even so, there is nothing to indicate that Mrs. Wonda's failure to notice the rock was anything other than a mistake. Negligence – even gross negligence—is not enough to hold a defendant liable in a civil rights case such as this. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (negligent conduct cannot support a § 1983 cause of action); *see also, Whitney v. Morse*, 2016 WL 908268, *8-9 (W.D. Ark. 2016) (no constitutional violation when inmate twice found foreign objects in food); and *Danneman v. Schoemehl*, 601 F. Supp. 1017, 1018 (E.D. Mo. 1985) (isolated instance of insects in a prisoner's food did not rise to the level of a constitutional violation). As regrettable as the incident was, it was not a constitutional violation.

### III. Conclusion

The Court recommends that Mr. Barkdull's claims be DISMISSED, without prejudice. This dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g).

DATED this 29th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE