## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**PLENNEY P. BARKDULL**                                                                              **PLAINTIFF**
**#166596**

v.                                        Case No. 3:20-cv-00124-LPR

**DOE**                                                                                              **DEFENDANT**
*"Mrs. Wonda" cook, Poinsett County Jail*

### ORDER

On April 29, 2020, the Court received a Recommended Disposition ("the Recommendation") from United States Magistrate Judge Beth Deere recommending dismissal without prejudice for failure to state a claim. (Doc. 4). Plaintiff Plenney Barkdull filed an Objection to the Recommendation on May 6, 2020. (Doc. 6). After careful review of the Objection, and a *de novo* review of the Recommendation and the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings.

The Recommendation explains that Mr. Barkdull's Complaint about breaking his tooth from a rock in his meal only shows negligence. (Doc. 4 at 2). "Negligence – even gross negligence – is not enough to hold a defendant liable in a civil rights case such as this." (Doc. 4 at 2). Nothing in Mr. Barkdull's Objection changes the underlying facts in his Complaint: (1) a guard brought Mr. Barkdull his soup; (2) the soup had a rock in it (which must have been small to go unnoticed by Mr. Barkdull); (3) the Defendant, Mrs. Wonda, is alleged to have been the cook that prepared the meal. (Doc. 2, 6). These alleged facts, on their own, do not state a § 1983 claim because some

assertion, showing, or inference of intentionality on the part of the Defendant is necessary in this context.[1]

Mr. Barkdull's Objection also appears to make a new factual claim that alleges Susan Cox, a nurse at the Poinsett County Jail, failed to treat an infection in his left hand which has consequently spread and has caused Mr. Barkdull's bone to be exposed. (Doc. 6). This is a new claim and is unrelated to Mr. Barkdull's claim against Mrs. Wonda, the cook, for the rock incident. Mr. Barkdull must file a new case to assert this separate claim against Ms. Cox.

Mr. Barkdull's claim is DISMISSED without prejudice. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 8th day of June 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] With respect to the official capacity claims, Mr. Barkdull does not allege that the rock's placement in his soup was subject to a policy or plan on the part of the governmental entity that runs the Poinsett County Jail. When a plaintiff sues a government actor in his or her official capacity, he functionally sues the "employing government entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In such cases, to state a claim the plaintiff must identify "a policy or custom that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403-05 (1997) (internal citations omitted). This requirement ensures that the applicable entity is held liable "only for those deprivations resulting from the decisions of . . . those officials whose acts may fairly be said to be those" of the relevant entity. *Id.* at 403-04. Here, Mr. Barkdull has not alleged that the conduct of Mrs. Wonda resulted from a policy, custom, or practice. Accordingly, the official capacity claims against Mrs. Wonda must be dismissed.